IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DOMINGO JESSE CAMPOS**                                                                                          **PETITIONER**
Reg # 20887-009

v.                    Case No. 4:96-cr-00243-Dft. No. 1 KGB

**UNITED STATES OF AMERICA**                                                                                **RESPONDENT**

**OPINION AND ORDER**

Before the Court is Domingo Jesse Campos's petition for writ of error *audita querela* (Dkt. No. 142), filed under the All Writs Act pursuant to 28 U.S.C. § 1651. For the reasons stated below, the Court denies the writ.

Mr. Campos asserts that the sentence imposed upon him is unconstitutional under the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny. Mr. Campos contends that his sentence was imposed in violation of his Fifth and Sixth Amendment rights as his sentence was enhanced by facts not found by a jury or admitted by him. As a result, Mr. Campos asks this Court to reopen his case and resentence him in the light of *Booker* and its progeny.

Mr. Campos was found guilty on October 30, 1997, of one count of conspiracy to distribute and possess with intent to deliver cocaine and two counts of possession with intent to distribute cocaine. On January 28, 1998, Mr. Campos was sentenced to 360 months with ten years supervised release. The convictions were affirmed on appeal on September 30, 1998.

Mr. Campos filed a 28 U.S.C. § 2255 petition which was denied as untimely by this Court on July 27, 2001 (Dkt. No. 116). Mr. Campos then filed another § 2255 petition alleging claims under *Booker*, which the Court denied on February 2, 2006, because the Eighth Circuit has held that *Booker* is inapplicable to cases on collateral review where the sentence became

final before the date *Booker* was decided (Dkt. No. 134 (citing *Never Misses a Shot v. United States*, 413 F. 3d 781 (8th Cir. 2005)).

Now, Mr. Campos files a writ of error *audita querela* essentially raising the same challenges to his sentence based upon *Booker* and its progeny.  The writ of error *audita querela* was abolished from the Federal Rules of Civil Procedure but survives in the criminal context under the All Writs Act and *United States v. Morgan*, 346 U.S. 502 (1954), only to the extent that it fills a "gap" in the current systems of post-conviction relief.  *Smith v. United States*, 2009 WL 3003938 (E.D. Ark. Sept. 15, 2009) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)); *United States v. Juvera*, 2008 WL 2949545 (E.D. Ark. July 30, 2008) (same).  "A writ of audita querela is not available where other cognizable remedies exist."  *United States v. Feist*, 346 Fed. Appx. 127, 128 (8th Cir. 2009).

In this case, Mr. Campos has another cognizable remedy in 28 U.S.C. § 2255.  A § 2255 petition is not inadequate or ineffective merely because § 2255 relief has been denied or because the petitioner has been denied permission to file a second or successive § 2255 petition.  *Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

The Court declines to construe this petition as one filed pursuant to § 2255 as Mr. Campos clearly states that he is bringing the case under the All Writs Act.  The Court concludes, however, that the All Writs Act is unavailable to Mr. Campos because he has other cognizable remedies—specifically the § 2255 petitions he has filed, even though those petitions have been denied—and because this situation presents no "gap" in the current systems of post-conviction relief.

Because the All Writs Act is unavailable, Mr. Campos's writ is denied, and the case is dismissed. All other pending motions are denied as moot.

SO ORDERED this 17th day of July, 2014.

*Kristine G. Baker*
UNITED STATES DISTRICT JUDGE